# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **SHERIF AKANDE,** | |
| Petitioner, | |
| v. | Criminal No. RWT-12-0288-2 |
| | Civil No. RWT-16-2666 |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

## MEMORANDUM OPINION

This matter arises out of a criminal case wherein the Petitioner Sherif Akande ("Akande") was charged in a conspiracy related to bank fraud, identity theft, and money laundering. ECF No. 1. Prior to trial, Akande pled guilty to all counts. ECF No. 160. Now pending before the Court is Akande's petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in which he outlines two arguments for ineffective assistance of counsel that he believes are proper grounds for relief. *See* ECF No. 293.

## BACKGROUND

On May 23, 2012, a federal grand jury returned an Indictment charging Akande and five co-conspirators with various counts related to bank fraud, identity theft, and money laundering. ECF No. 1. On July 23, 2012, Akande pled not guilty to one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349, two counts of bank fraud in violation of 18 U.S.C. § 1344, and one count of aggravated identity theft in violation of 18 U.S.C. § 1028a. ECF No. 62.

At a motions hearing on September 18, 2013, the Court denied Akande's motion to suppress evidence. *See* ECF Nos. 141, 143. On February 6, 2014, Akande changed his plea to

guilty in an "open plea" (i.e. without a plea agreement). *See* ECF No. 160. During his rearraignment, the Court explained to Akande that by pleading guilty he would waive "the right to appeal to complain about any mistakes that might have been made *before* or during trial," *see* ECF No. 169 at 11–12 (emphasis added), and Akande confirmed, under oath, that he understood his waiver of this right and was satisfied with his counsel's representation, *see* ECF No. 169 at 12, 15.

Two days later, Akande sought to withdraw his plea because he allegedly had relied on the erroneous advice of his counsel, Ms. Mirriam Seddiq ("Seddiq"), and had been unaware that he could not appeal the denial of his earlier motion to suppress evidence with a guilty plea. *See* ECF No. 175. On May 27, 2014, the Court conducted a hearing on the motion to withdraw Akande's guilty plea and granted Seddiq's request to withdraw as counsel. *See* ECF No. 243 at 18–20. Subsequently on May 30, 2014, Mr. William Mitchell ("Mitchell") entered his appearance as Akande's new appointed counsel. ECF No. 186. Prior to sentencing, Akande withdrew his motion for withdrawal of his guilty plea, ECF No. 237 at 1 (maintaining that he had misunderstood his appellate rights, but acknowledged that he was guilty and agreed with the statement of facts recited at his rearraignment).

On November 24, 2014, the Court sentenced Akande to 199 months imprisonment, followed by five years of supervised release. ECF No. 250. On December 7, 2015, the Fourth Circuit affirmed this Court's judgment. *See United States v. Akande*, 624 F. App'x 94 (4th Cir. 2015). On August 1, 2016, Akande filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 293.[1] On December 16, 2016, the Government

---

[1] On September 21, 2016, Akande filed a motion requesting the Court to appoint him counsel in conjunction with his habeas petition. *See* ECF No. 295.

2

responded in opposition to that Motion, ECF No. 300, and Akande replied in support of his original Motion on March 16, 2017, ECF No. 306.[2]

## DISCUSSION

Under § 2255, a petitioner must prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255 (2012); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). If the § 2255 motion, along with the files and records of the case, "conclusively show that [he] is entitled to no relief," a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. *Id.* Akande presents two arguments for ineffective assistance of counsel—one with regard to Seddiq's advice to plead guilty and one with regard to Mitchell in his subsequent handling of Akande's guilty plea and sentencing. *See* ECF No. 293 at 5, 7. The Court finds that these arguments have no legal basis.

Courts examine claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the performance prong, a defendant must show that counsel's performance was deficient. *Id.* "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689; *see United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004). The alleged deficient performance must be objectively unreasonable and "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 689. The Court must evaluate the conduct at issue from counsel's perspective at the time, and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Under the prejudice prong, a defendant must show

---

[2] On February 14, 2018, Akande moved for Summary Judgment of his habeas petition. *See* ECF No. 322.

that the deficient performance prejudiced the defense, and but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. *Id.* at 687, 694. Unless a defendant makes both showings, the Court cannot find that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* at 669. Finally, "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

I.  **Akande's claim of ineffective assistance against Seddiq fails because he cannot establish prejudice.**

Akande alleges that his attorney, Seddiq, was ineffective because she misadvised "that an open plea was the only way to preserve the right to appeal the Court's denial of his motion to suppress." *See* ECF No. 293 at 5. Akande maintains that he would not have pled guilty had he known that he was waiving his right to appeal the denial of his pre-trial motion. *See id.* However, Akande's contention is undercut by the record. The Court, during the Rule 11 colloquy, properly informed Akande that he would be waiving his right to appeal all pretrial matters. *See* ECF No. 169 at 11–12. And Akande confirmed, on the record, that he understood that he was waiving this right. *See id.* However, even if Akande had detrimentally relied on counsel's erroneous advice, he cannot demonstrate prejudice as it relates to his guilty plea.

Akande identifies an earlier plea offer by the Government for eight years of imprisonment—an amount substantially lower than the sentence he received. *See* ECF No. 293 at 5. However, in order to "show prejudice from ineffective assistance of counsel where a plea offer has . . . been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability that they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." *Missouri v. Frye*, 566 U.S. 133, 147 (2012)

("Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it."). Akande presents no evidence that the alleged plea agreement was ever actually offered. Indeed, even if the Government had extended such an offer, by Akande's own account, the offer was made *prior* to the hearing in which the Court denied Akande's motion to suppress. *See id.* Therefore, Akande does not and cannot prove that the Government would have preserved such an offer especially after it had prevailed on all contested evidentiary matters.

Furthermore, Akande cannot prove that this Court would have accepted such a sentence. As the Fourth Circuit noted, this Court thoroughly examined the 18 U.S.C. § 3553(a) sentencing factors and "explicitly stated on the record that it would have given Akande a 199–month sentence even if it had calculated his Guidelines range differently." *See United States v. Akande*, 624 F. App'x 94, 95 (4th Cir. 2015). Simply put, in light of Akande's vast criminal history and the overwhelming evidence against him in this case, he cannot demonstrate prejudice with regard to his open plea.

**II. Akande's claim of ineffective assistance against Mitchell fails because he cannot establish deficient performance or prejudice.**

Akande alleges that his subsequent attorney, Mitchell, was ineffective because he did not object to the "actual innocence standard" applied by the Court in consideration of Akande's attempted withdrawal of his guilty plea. *See* ECF No. 293, at 7; ECF No. 306 (proffering an inapposite case, *Lee v. United States*, 137 S. Ct. 1958 (2017), in which a defendant pled guilty without knowledge that it would lead to his deportation). Akande further alleges that Mitchell's performance was deficient for misadvising him "to withdraw the plea withdrawal" and for failing to object to the Presentence Investigation Report ("PSR"). *See id.*

Akande's claims are meritless. The Court never applied *any* standard in consideration of his attempted withdrawal of a guilty plea because Akande withdrew that motion before the Court ever had the opportunity to rule on the matter. *See* ECF No. 237 at 1. Furthermore, in direct opposition to Akande's assertion, the record demonstrates that Mitchell actively challenged various portions of the PSR. *See id.* at 1–6. To the extent that Akande avers that Mitchell was unwise in advising him to retain his guilty plea or was misguided as to which portions of the PSR he challenged, the Court will not play Monday-morning-quarterback. These were strategic decisions that carry "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Moreover, Akande has not demonstrated that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *see also Terry*, 366 F.3d at 316 (stating "conclusory allegations are insufficient to establish the requisite prejudice under *Strickland*"). Accordingly, counsel's performance cannot be considered constitutionally deficient under a Sixth Amendment, post-conviction § 2255 motion.

## CERTIFICATE OF APPEALABILITY

Akande may not appeal this Court's denial of relief under § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 F. App'x 272, 273 (4th Cir. 2007). A certificate of appealability will not issue unless Akande has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c) (2012); *Hardy*, 227 F. App'x at 273. "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 F. App'x 296, 297 (4th Cir. 2009).

This Court has assessed the claims in Akande's motion to vacate his sentence on the merits and found them deficient. No reasonable jurist could find merit in any of Sherif Akande's claims, and thus no certificate of appealability shall issue.

## CONCLUSION

The Court finds that none of Akande's claims is adequate to satisfy the *Strickland* two-prong test establishing ineffective assistance of counsel. By separate order, Akande's motion will be denied and no certificate of appealability shall issue.

Date: May 31, 2018

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE