IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

|                          |   |                          |
|--------------------------|---|--------------------------|
| UNITED STATES OF AMERICA | : |                          |
| v.                       | : | Criminal No. DKC 12-0288-2 |
| SHERIF AKANDE            | : |                          |

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the Government's motion to toll speedy trial under 18 U.S.C. § 3161(d)(2). ECF No. 382. Defendant opposes the motion. ECF No. 383. The Government filed a reply. ECF No. 384. For the following reasons, the motion will be granted.

Sherif Akande was originally indicted in 2012 along with five co-defendants, on charges of conspiracy to commit bank fraud, bank fraud, and aggravated identity theft. After motions practice, he pled guilty on February 6, 2014, to counts 1, 9, 10, and 24, and was sentenced on November 24, 2014. Between the plea and sentencing, Mr. Akande had moved to withdraw the guilty plea, changed counsel, and moved to withdraw the motion to withdraw the guilty plea. He appealed, and the United States Court of Appeals for the Fourth Circuit affirmed the judgment in an unpublished opinion. Thereafter, Mr. Akande filed a motion to vacate under 28 U.S.C. § 2255, asserting ineffective assistance of counsel.

Eventually, the Fourth Circuit granted a certificate of appealability to review the denial of the § 2255 motion and reversed the judgment. The case was remanded to the district court for further proceedings. The mandate issued June 12, 2020.

Under the Speedy Trial Act, 18 U.S.C. § 3161, a person must be brought to trial within specified time limits. The Act provides for the tolling of the time limits for various permitted reasons. The Government initially cited § 3161(d)(2), which applies "[i]f the defendant is to be tried upon an indictment or information dismissed by a trial court and reinstated following an appeal." The Defendant suggests that § 3161(e) is applicable. That section applies "i]f the defendant is to be tried again following an appeal or a collateral attack." There is another section that also might apply:  § 3161(i).  It provides:

> If trial did not commence within the time limitation specified in section 3161 because the defendant had entered a plea of guilty or nolo contendere subsequently withdrawn to any or all charges in an indictment or information, the defendant shall be deemed indicted with respect to all charges therein contained within the meaning of section 3161, on the day the order permitting withdrawal of the plea becomes final.

In *United States v. Loe*, the parties assumed that § 3161(e) applied to circumstances similar to those here. The court observed that § 3161(i) might be a better fit. 586 F.2d 1015, 1019 n.9 (4th Cir. 1978).  If § 3161(i) applies, it is not clear whether the speedy trial calculation has even begun, because, in this new

prosecution, Mr. Akande has not yet appeared and entered a not guilty plea to the indictment.[1]  It will not be necessary to decide which section applies, because there has been no violation of the Act regardless.

In essence, both sections (d)(2) and (e) provide justification for extending the time for trial due to witness unavailability or other factors resulting from the passage of time, in addition to the periods of delay ordinarily available under § 3161(h), when an appeal (or a mistrial, or the grant of a new trial) causes proceedings to begin again.  The Government's motion, filed August 21, 2020, notes that the mandate issued in the midst of the COVID-19 pandemic, which caused major disruptions in the orderly processing of all cases.  Standing orders in this district precluded in person proceedings in court houses, and specifically all jury trials in criminal cases at least until July 31, 2020.  As of the date of this decision, only one criminal jury trial has been conducted in the Baltimore courthouse, and one is ongoing in the Greenbelt courthouse.  Given available resources, and abiding by the best scientific and medical advice, the district currently can accommodate only a single trial at a time in the district.

---

[1] In *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995), the court held that the Speedy Trial Act is not triggered unless a defendant has entered a plea of not guilty.  If the prosecution begins anew after the withdrawal of the plea of guilty, the defendant must be called upon to enter a plea.  That has not happened yet.

3

Counsel for Mr. Akande was promptly appointed. The Government points to the complexity and age of this prosecution, the need to locate case agents and witnesses, and to retrieve evidence, as a reason to extend the time for trial from 70 to 180 days. The Government also suggests that there are other reasons for excluding time, such as for active plea negotiations. The defense does not necessarily disagree with the factual recitation by the Government but criticizes the timing of the Government's efforts at preparing for trial and argues that lack of diligence and failure to obtain available witnesses are unacceptable reasons for delay. The Defense also asserts that plea negotiations have not happened expeditiously and that the time has been "wasted." By the time the Government filed its reply on September 8, 2020, the parties had made significant progress toward a plea agreement and virtual proceedings are being planned for October 6, 2020, with Mr. Akande appearing from Butner, North Carolina.

The Government's motion will be granted. The lapse of time since the initial prosecution, the complexity of the case itself, the limitations on everyone due to COVID-19 that exacerbate the difficulty in locating witnesses and evidence and preparing for trial, all justify granting the additional time for preparation. Thus, under § 3161 (either (d)(2) or (e)) both the unavailability of witnesses and other factors resulting from the passage of time make trial within seventy days impractical. Moreover, Mr. Akande

4

is in North Carolina and would have to be transported to Maryland for trial, the parties obviously needed time to discuss resolution of the case without trial, and if negotiations are unsuccessful, there might be new motions practice.

For all the foregoing reasons, the Government's motion is GRANTED, and a period of 180 days from the issuance of the mandate is applicable to the commencement of trial.  A separate order will be entered.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
